### 25525. SCOTT, executrix, *v.* SALA.

PER CURIAM. Where, according to the allegations of a money rule, an attorney who has been employed for a stipulated fee collects a claim but refuses to turn any of the money over to his client unless the client allows him to retain an additional portion of the proceeds as a fee, to which he is not entitled under the original agreement; and where the client accedes to this additional claim, and on such new express understanding allows the attorney to retain such increased sum as an augmented fee, and receives from the attorney the balance of the amount in full and complete settlement of the client's claim against the attorney; and where it is alleged that at the time of such agreement the client, within the knowledge of the attorney, was suffering from a bodily affliction which rendered the client in such a condition that he did not know what he was doing, and was incapable of entering into the contract of settlement, such executed settlement was prima facie valid and binding, and, if voidable on proof shown in an appropriate proceeding, could not be set aside on a quasi-criminal motion to rule the attorney for having in his possession money of the client and refusing to pay it over on demand, as provided by the Code, § 9-617. Accordingly, the court did not err in sustaining the demurrer to the petition, and in discharging the rule.

*Judgment affirmed. Broyles, C. J., and Sutton, J., concur. Stephens, J., dissents. Jenkins, P. J., disqualified.*

DECIDED DECEMBER 5, 1936.

*M. E. Kilpatrick,* for plaintiff.
*Crenshaw, Hansell & Gunby, Harry S. McCowen,* for defendant.